IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHERRY NAIL (WILKINSON), | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-00465-CV-W-GAF-SSA |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Plaintiff Sherry Nail's ("Plaintiff") Social Security Brief, requesting this Court reverse the Administrative decision that Plaintiff was not under a disability as defined under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401 *et seq.* (Doc. # 7). Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner" or "Defendant"), opposes. (Doc. # 12). For the reasons stated below, the Commissioner's decision is AFFIRMED.

## DISCUSSION

**I.  FACTS**

On October 28, 2009, Plaintiff filed an application for disability insurance benefits under Title II of the Act. (Administrative Court Transcript ("Tr.") at 256). Plaintiff alleged a disability beginning on September 25, 2009. (*Id.*). Plaintiff's application was initially denied on February 4, 2010. (*Id.* at 74). On September 12, 2011, following a hearing, an administrative law judge (the "ALJ") found that Plaintiff was under a "disability" as defined in the Act. (*Id.* at 90). On August 12, 2012, the Appeals Council of the Social Security Administration vacated and

1

remanded the ALJ's decision because there was an error of law and because it was not based upon substantial evidence. (*Id.* at 93).

On remand, following another hearing, the ALJ found that Plaintiff was not under a "disability" as defined in the Act. (*Id.* at 117). In her decision, the ALJ found that Plaintiff had severe impairments of obesity, degenerative joint disease of the lumbar spine with significant disc space narrowing, degenerative joint disease of the left knee, possible right shoulder impingement syndrome, and bursitis of the left hip. (*Id.* at 110). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*). The ALJ determined that Plaintiff retained the residual functional capacity (the "RFC") to:

> lift 20 pounds occasionally, 10 pounds frequently, stand/walk for up to 4 hours in an 8-hour workday, and sit for up to 6 hours in an 8-hour day. She will need to alternate between sitting and standing at least every 30 minutes. She can occasionally climb ramps or stairs but never climb ropes, ladders, or scaffolds. She can occasionally balance, stoop, and crouch, but she can never kneel or crawl. Additionally, she is unable to do any overhead reaching with the right upper extremity and she can only occasionally push and pull with the right upper extremity. She needs to avoid exposure to extreme cold and unprotected heights.

(*Id.* at 111-12). With the assistance of vocational expert testimony, the ALJ found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as a mail router, price marker, or electrical assembler. (*Id.* at 117). Consequently, the ALJ found that Plaintiff was not disabled. (*Id.*).

On March 25, 2014, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1). Thus, the ALJ's decision stands as the "final decision" of the Commissioner, subject to judicial review on appeal herein.

2

## II.   LEGAL STANDARD

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by "substantial evidence on the record as a whole." *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). "'Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision.'" *Juszczyk v. Astrue*, 542 F.3d 626, 631 (8th Cir. 2008) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Finch*, 547 F.3d at 935.

A reviewing court should disturb an ALJ's decision only if it falls outside the available "zone of choice," and a decision is not outside that zone of choice simply because the court may have reached a different conclusion had the court been the fact finder in the first instance. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011); *see McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (if substantial evidence supports the Commissioner's decision, the court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and [the court] may have reached a different outcome"). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## III. ANALYSIS[1]

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity due to a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d). Plaintiff has not met this burden.

Plaintiff first argues that the ALJ erred when she gave the opinion of Dr. Bleazard, Plaintiff's consulting physician, great weight but failed to include relevant limitations included in Dr. Bleazard's opinion or explain why she chose not to do so. (Doc. # 7, p. 15).

As an initial matter, "'[t]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians.'" *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007)). Additionally, as the Tenth Circuit Court of Appeals held in *Chapo v. Astrue,* 682 F.3d 1285, 1288 (10th Cir. 2012), and as this Court has recognized, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *See also Sundquist v. Colvin*, No. 13-05031-CV-W-REL-SSA, 2014 WL 1053600, at *7 (W.D. Mo. Mar. 19, 2014) (quoting *Chapo*, 682 F.3d at 1288); *Brown v. Colvin,* No. 3:12-05042-DGK-SSA, 2013 WL 2250234, at *3 (W.D. Mo. May 22, 2013) (quoting *Chapo*, 682 F.3d at 1288). Rather, the ALJ is the fact-finder, and she is charged with weighing the evidence and reaching conclusions based on the evidence she finds credible for legally supportable reasons. As the *Chapo* court stated, "'[t]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record.'" 682 F.3d at 1288

---

[1] Upon review of the Record and the law, Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

(quoting *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004)). Thus, it was permissible for the ALJ to include some limitations recommended by Dr. Bleazard, but not others.

Plaintiff also contends that the ALJ failed to include Dr. Bleazard's opinion that Plaintiff should be limited in her ability to reach in all directions. (Doc. # 7, p. 15). Dr. Bleazard's opinion consisted of a report and a check-the-box form. (Tr. at 569-81). On the check-the-box form, Dr. Bleazard stated that Plaintiff could only occasionally reach with her right hand. (*Id*. at 578). However in his report, Dr. Bleazard reported that Plaintiff had a "good range of motion to the bilateral upper extremities" and no pain "on palpation to the bilateral shoulders." (*Id*. at 570). The Eighth Circuit has held that a checklist opinion form has only limited evidentiary value. *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001). Additionally, "[i]t is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes." *Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009). Thus it was appropriate for the ALJ to discount Dr. Bleazard's check-the-box opinion on Plaintiff's reaching limitations.

Additionally, Plaintiff asserts that the ALJ failed to include Dr. Bleazard's limitations regarding handling and fingering. (Doc. # 7, p. 15). However, Dr. Bleazard opined that Plaintiff can frequently handle and finger and has no restrictions regarding those abilities. (Tr. at 573, 578). At no point did Dr. Bleazard recommend any handling or fingering limitations. (*See id.* at 569-81). Thus, there were no limitations regarding handling and fingering that the ALJ failed to include.

Finally, Plaintiff alleges that the ALJ failed to include Dr. Bleazard's environmental limitations. (Doc. # 7, p. 15). Dr. Bleazard found that Plaintiff could occasionally be exposed to extreme heat; extreme cold; humidity and wetness; dust, odors, fumes, and pulmonary irritants; vibrations; moving mechanical parts; and operating a motor vehicle. (Tr. at 580). Additionally,

5

Dr. Bleazard found that Plaintiff should never be exposed to unprotected heights. (*Id.*). Some of these environmental limitations were included in the RFC. For example, the ALJ restricted Plaintiff from exposure to extreme cold and unprotected heights. (*Id.* at 112). As for the other restrictions, the RFC need only include a claimant's credible limitations. *See Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006). These restrictions were only included in Dr. Bleazard's check-the-box form and found no support in Dr. Bleazard's report. (*See* Tr. at 569-81). Additionally, these environmental restrictions were not supported by Plaintiff's testimony at her hearing. At the hearing, Plaintiff testified that she routinely operates a motor vehicle. (*Id.* at 16-18). Additionally, when asked by the ALJ if there were any other environmental conditions that aggravate her symptoms, Plaintiff testified that there were none other than the cold. (*Id.* at 31-32). Accordingly, it was appropriate for the ALJ not to include the other environmental limitations in the RFC.

Plaintiff also contends that the ALJ erred by giving Dr. Bleazard's postural limitations no weight. (Doc. # 7, p. 17).

In his check-the-box form, Dr. Bleazard opined that Plaintiff could never climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl and should only occasionally climb stairs or ramps. (Tr. at 579). The ALJ incorporated some of these limitations into the RFC by stating that, "[Plaintiff] can occasionally climb ramps or stairs but never climb ropes, ladders, or scaffolds. She can occasionally balance, stoop, and crouch, but she can never kneel or crawl." (*Id.* at 111-12). However, the ALJ gave the rest of Dr. Bleazard's postural limitations no weight because the opinion was not consistent with Dr. Bleazard's own examination or the medical evidence of record. (*Id.* at 115).

These were proper reasons for the ALJ to discount Dr. Bleazard's check-the box form. As stated above, check-the-box opinions have only limited evidentiary value. *See Holmstrom*,

6

270 F.3d at 721. Additionally, Dr. Bleazard's narrative report did not include any support for such limitations. (*See* Tr. at 569-81). Further, in his report Dr. Bleazard listed Plaintiff's recommended limitations but failed to mention any of these postural limits. (*See id.* at 572). As noted above, "[i]t is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes." *Davidson*, 578 F.3d at 843. An ALJ may also discount a physician's opinion that is not well-supported or is inconsistent with other substantial evidence. *See Travis v. Astrue,* 477 F.3d 1037, 1041 (8th Cir. 2007). Dr. Bleazard's postural limitations are inconsistent with other substantial medical evidence of record. X-ray reports showed that Plaintiff's knee exhibited no evidence of fracturing, dislocation, or significant joint effusion. (Tr. at 452, 493, 556). Accordingly, it was proper for the ALJ to discount Dr. Bleazard's postural limitations

## CONCLUSION

The ALJ did not err by failing to include some of the limitations contained within Dr. Bleazard's check-the-box form. These limitations were not supported by substantial evidence of record and conflicted with Dr. Bleazard's treatment notes. Additionally, the ALJ was correct in affording Dr. Bleazard's check-the-box postural restrictions no weight because they also conflicted with Dr. Bleazard's narrative statement and the other medical evidence of record. Accordingly, for these reasons and the reasons set forth above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: May 6, 2015